IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Ricky Darren Sanders, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Sumter County c/o William T. Noonan; Lee )<br>County c/o Jimmy Lacoste; Dr. Whitiker, )<br>SLRDC Physician; Southeastern Service )<br>Group Inc. c/o Ann Stalvy; Simon Major, )<br>Director of SLRDC; Lt. Nancy McMillin, )<br>Shift Head Supervisor; C.O. Brunson, )<br>)<br>Defendants. )<br>_____) | C/A No. 0:06-1670-MBS<br><br>**O R D E R  A N D<br>O P I N I O N** |

  This is an action brought by Ricky Darren Sanders ("Plaintiff") against Sumter County, Lee County, Dr. Whitiker, Southeastern Service Group, Inc., Simon Major, Lt. Nancy McMillin, and C.O. Brunson ("Defendants"), for injuries he allegedly sustained while a pretrial detainee at the Sumter-Lee Regional Detention Center ("SLRDC"). Plaintiff alleges Defendants deprived him of his constitutional rights in violation of 42 U.S.C. § 1983.

  This matter is before the court on three motions for summary judgment. Defendants Sumter County, Simon Major, Nancy McMillin, and C.O. Brunson filed a motion for summary judgment on June 15, 1007. Defendants Lee County and Dr. Whitaker filed a separate motion for summary judgment on the same date. Defendant Southeastern Service Group, Inc. filed a motion for summary

judgment on June 16, 2007. On June 18, 2007, the court issued as order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment standard and the possible consequences if he failed to respond adequately. Plaintiff filed a letter with the court on July 30, 2007 and responded to Defendants' motions for summary judgment on August 6, 2007. Defendants Sumter County, Simon Major, Nancy McMillin, and C.O. Brunson filed a reply on August 13, 2007. The remaining Defendants filed replies on August 16, 2007. Plaintiff filed a sur-reply on August 21, 2007.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On September 4, 2007, the Magistrate Judge issued a Report in which he determined that summary judgment should be granted for Defendants. On September 11, 2007, Plaintiff filed a motion to extend the deadline to file objections. On September 17, 2007, Plaintiff filed a motion to remand. On September 19, 2007, the court granted Plaintiff's motion to extend, allowing Plaintiff until October 10, 2007, to file objections to the Report and Recommendation. On October 5, 2007, Plaintiff submitted a "motion to use SLRDC and SCDC fire emergency policies, rules, and guidelines to establish deliberate indifference of all parties (Defendants) involved." On that same date, Defendants responded to Plaintiff's motion to remand. On October 10, 2007, Plaintiff submitted a "motion for deliberate indifference and violation of [the] 14th Amendment Due Process rights to Fire Emergency laws (substantial risk) of Director Simon major, Lt. Nancy McMillan, and C.O. Brunson, Respondent Superiors Sumter-Lee Counties." On October 22, 2007, Plaintiff filed a "motion to subpoena affidavit (expert) of pulmonary specialist Paula Stanley and Bone Doctor Dr. Brandon Fites to

establish claims." On October 25, 2997, Defendants responded to Plaintiff's October 5 and October 10 motions. On November 9, 2007, Defendants responded to Plaintiff's October 22 motion.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). However, the court is not obligated to conduct a de novo review of the Magistrate Judge's Report "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

I. FACTS

The facts are set forth fully in the Magistrate Judge's Report. Briefly, Plaintiff alleges that in August 2004 he was in the recreation room of the SLRDC when smoke and extreme heat entered from the adjacent laundry room. Plaintiff alleges that he and other inmates in the recreation room began to panic and started beating on the door to be released. Plaintiff alleges that the smoke became very thick and inhibited his ability to breathe. Plaintiff alleges that Defendant Brunson did not let him out of the recreation room until after the fire was extinguished and the smoke cleared, which took about ten to fifteen minutes. Plaintiff alleges that as a result of the exposure, he lost consciousness, and that when he came to he was foaming at the mouth and nauseated. Plaintiff also alleges that he suffered a dislocated knuckle and multiple fractures on his hand as a result of beating

on the door. Plaintiff alleges he was denied repeated requests for medical attention, and that he was unable to see a doctor until a week later. Plaintiff alleges that he eventually had to see a private doctor for his injuries, and that he continues to suffer from medical problems such as chest pain, nausea, and coughing up blood.

Defendants contest Plaintiff's version of the facts. Defendants acknowledge there was a laundry room fire on August 27, 2004, but claim that it was insubstantial and did not produce toxic levels of smoke in the recreation room. Defendants allege that Plaintiff's requests for medical assistance were accommodated. Defendants also claim that Plaintiff's medical records do not substantiate Plaintiff's allegations of injury.

## II. DISCUSSION

After reviewing the pleadings, memoranda of law, and exhibits of record, the Magistrate Judge ruled that the evidence was "not sufficient to create a genuine issue of fact as to whether any named Defendant violated Plaintiff's constitutional right to proper medical case, and that this claim is subject to dismissal." Report and Recommendation, p. 15. Specifically, the Magistrate Judge found that, "[i]n contrast to Defendants' evidence, Plaintiff has provided no evidence to support the general and conclusory claims in his Complaint that any named Defendant has been deliberately indifferent to his serious medical needs." Id. at 16.

The court will construe Plaintiff's motion to remand, filed September 17, 2007, and the two motions filed on October 5, 2007, and October 10, 2007 as "objections" to the Report and Recommendation. However, only one substantive objection may be found among these three motions. In Plaintiff's October 5, 2007 motion, he argues that the Magistrate Judge's comments on pages seventeen and nineteen of the Report demonstrate that the Magistrate Judge is biased in favor

of Defendants. Specifically, Plaintiff claims that the Magistrate Judge found that Plaintiff's allegations were untenable because they lacked evidentiary support, but did not hold Defendants to the same standard. The court disagrees. As the Magistrate Judge correctly found, Plaintiff has provided no evidence in support of his claims. Defendants have presented substantial evidence to prevail on summary judgment, including affidavits, medical records, and incident reports.

### III. CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendants' motions for summary judgment (Entries 222-24) are granted. Plaintiff's outstanding motions are denied as moot.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
United States District Judge

March 4, 2008

Columbia, South Carolina